JAMES K. KENNEDY............................ do.    do.

A. W. MOORE........................................ CLERK.

## ALFRED WASHBURN vs. LAWTON CASE.

A brought suit against B for damage done his crops by cattle of B. Upon the trial, it being disclosed, that C had an interest in the crops, the Court summarily dismissed the action, because of the non-joinder of C. *Held*, The Court erred in so doing; that the interest of C might be consistent with right of A to recover for the trespass and at most could only operate as a partial failure of proof.

Error to Second Judicial District holding terms at Olympia.

Opinion by KENNEDY, Associate Justice.

This cause came before the District Court of the Second Judicial District, holding terms at Olympia, on an appeal from the judgment rendered by J. E. Baker, justice of the peace, and was tried on the pleadings filed in his Court.

The complaint in substance contains three causes of action.

First, That an ox belonging to defendant broke into plaintiff's enclosures three several times, on or near the last of June, 1866, leading other cattle in, and damaging the crops of plaintiff, to wit: His meadow, oats and peas, whereby he sustained damage to the amount of fifty dollars.

Second, That the same ox broke into plaintiff's enclosures three several times, in May and June, 1867, doing damage to plaintiff's wheat, peas and meadow, to the amount of twenty-five dollars.

253

Third, That the same ox broke into plaintiff's enclosures on the night of the 20th of September, 1867, and did damage to the amount of eighteen dollars, to the garden and orchard of defendant

We do not propose to comment on the pleadings, since they were satisfactory to both parties, and no objection was made on either side in the Court below or in this Court.

There are three errors assigned, but it is only necessary to examine the second and third to reach the conclusion at which the Court has arrived. They are:

Second, "The Court erred in sustaining the motion to dismiss for non-joinder of parties, resting exclusively upon the answer to the foregoing question." The question and answer alluded to, arose on the cross examination of the plaintiff, and were:

*Question.* "To whom did the crops, about which you have testified in 1867, belong?"

*Answer.* "My son raised the wheat and oats on shares. I was to have two-thirds, and my son, one-third; the balance of the crops was mine."

Third, "The Court erred in entering judgment of dismissal of plaintiff's action upon such motion and for such cause," etc.

By the answer to the above question it appeared that the son of the plaintiff, who was not a party to the action, was interested in one-third of a *portion* of the crops alleged to have been *destroyed in* 1867; upon which defendant, by his counsel, moved to dismiss the action at plaintiff's costs for non-joinder of parties, which motion was sustained and judgment entered accordingly.

It does not appear that plaintiff had any opportunity to re-examine on the question asked on cross examination, by which the interest of the son appeared, for the motion to dismiss was made and sustained immediately upon the discovery of the alleged interest, and it might well be that the son was interested in the crop, and yet the father be the proper party to sue alone, to recover damages for the trespasses.

But whether this be so or not, it clearly appeared by the answer that the plaintiff alone was interested in a portion of the property alleged to have been damaged and had therefore a good cause of action, as regards part of his complaint.

It was error to dismiss the action if any part of the complaint was proved, for there was something to go before the jury.

There may have been a partial failure of proof to sustain all the facts in the complaint, but there certainly was not a total failure, since there was proof as to some.

Even if the plaintiff had not adduced sufficient evidence to justify a verdict in his favor, at the stage the proceeding had reached, he should not have been prevented by a premature dismissal from bringing forward further testimony, or from re-examining the witness.    The second and third assignments of error are well taken.